IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
at Beckley

GEORGE GOLF DESIGN, INC.,
and LESTER L. GEORGE,

    Plaintiffs,

v.                                    Case No. 5:10-cv-01240
                                    (Irene C. Burger, Judge)

GREENBRIER HOTEL CORPORATION,
JAMES C. JUSTICE COMPANIES, INC., and
JAMES C. JUSTICE, II,

    Defendants.

## MOTION TO COMPEL DISCOVERY RESPONSES
## FROM GREENBRIER HOTEL CORPORAION

Come now Plaintiffs, George Golf Design, Inc. (hereinafter "GGD") and Lester L. George (hereinafter "George"), by and through their undersigned counsel, pursuant to Rules 26, 33, 34 and 37 of the Federal Rules of Civil Procedure (hereinafter "Federal Rules"), and move this Honorable Court for an order compelling full and complete responses to Interrogatory No. 9 and Request for Production No. 11 of "Plaintiffs' First Set of Interrogatories and Requests for Production of Documents to James C. Justice, II" (hereinafter "Discovery Requests"). In support of this Motion, Plaintiffs state:

### PROCEDURAL HISTORY

1.    On February 24, 2012, Plaintiffs served Discovery Requests on James C. Justice, II (hereinafter "Justice").

2. By agreement, Justice served "James C. Justice, II's Answers to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents" on April 13, 2012. See, **Exhibit A**.

3. On May 9, 2012, Plaintiffs sent Justice a detailed letter setting forth the numerous deficiencies with Justice's Discovery Responses, seeking supplementation and notifying Justice that the letter constituted Plaintiffs' good faith attempt to resolve the discovery dispute without the Court's intervention. See, **Exhibit B**. Pursuant to the letter, Justice had until May 11, 2012 to correct its deficient discovery responses.[1]

4. On May 10, 2012, the parties agreed to an extension as to the deadline for Justice to address the issue raised in Plaintiffs' May 9, 2012 letter and gave Plaintiffs an extension until May 25, 2012 to file their motion to compel, if necessary.

5. On May 18, 2012, counsel discussed the discovery issues raised by Plaintiffs' May 9, 2012 letter and agreement was reached regarding several issues. However, no agreement was reached regarding Justice's financial information and Plaintiffs' counsel was instructed that a motion to compel would have to be filed to obtain said information.

## I. Insufficient Discovery Responses

### A. Interrogatory No. 9

6. Interrogatory No. 9 states, "Please state your financial position by providing your net worth for the last five years." In response thereto, Justice objected to the interrogatory as premature, seeking confidential information and seeking more information than is necessary to determine net worth. See, **Exhibit A at 9-10**.

7. Contrary to Justice's assertion, a discovery request seeking a company's or

---

[1] I, John K. Cecil, certify that the Parties have met and conferred, both via letter and verbal, regarding the herein detailed discovery dispute and were unable to reach agreement without this Court's intervention.

individual's financial status is permissible under West Virginia law. In State ex rel. Arrow Concrete Co. v. Hill, 460 S.E. 2d 54, 63 (W.Va. 1995), the Supreme Court of Appeals of West Virginia Supreme held, "The financial position of the defendant is a factor a jury may consider when determining whether to award punitive damages." Id.; TXO Production Corp. v. Alliance Resources Corp., 419 S.E.2d 870, 887 (W.Va. 1992). As such, the W.Va. Supreme Court found that the financial position of a defendant is discoverable whenever there is a claim where punitive damages are available because, at a minimum, the information may lead to the discovery of admissible evidence. Hill, 460 S.E.2d at 63.

8. In the instant case, Plaintiffs have asserted a claim for defamation for which punitive damages are available. See, Estep v. Brewer, 453 S.E.2d 345 (W.Va. 1994). As Justice's financial position is a factor that a jury may consider when determining whether and in what amount to award punitive damages, the financial information sought by Interrogatory No. 9 is certainly relevant.

9. Further, Rule 26(b)(1) of the Federal Rules of Civil Procedure clearly states that a party is entitled to any discovery that is relevant and for which no valid privilege exists. Justice has not asserted any privilege recognized by the Federal Rules and, therefore, Plaintiffs are entitled to the information requested.

10. Contrary to Justice's assertion, Interrogatory No. 9 does not seek more information than the W.Va. Supreme Court has found relevant and discoverable. In fact, Interrogatory No. 9 tracks the exact language of Hill, *supra*, and seeks information regarding the "financial position" of Justice. Id. 460 S.E.2d at 63. As such, Justice's objection is without merit.

11. Contrary to Justice's assertion, Interrogatory No. 9 is not premature. Plaintiffs

filed their Complaint on October 21, 2010 and their Amended Complaint on October 29, 2010. This case has been proceeding for approximately 19 months and discovery is near completion. Plaintiffs waited until the last moment to tender a discovery request regarding Justice's financial condition to avoid any assertion that the request was premature. Clearly, Interrogatory No. 9 is not premature.

12. Moreover, all of Justice's concerns should be eliminated by the Protective Order entered in this case. This Court entered the "Agreed Protective Order" in this case on March 1, 2012. See, Document 103. Justice need only mark the information confidential and it is protected by the Agreed Protective Order. If the Court determines that Plaintiffs have not met the necessary burden to present a case for punitive damages to the jury, then financial information will never be presented and will be disposed of in accordance with the protective order agreed to by the parties. Clearly, Justice's objections are without merit.

**B.      Request for Production No. 10**

13. Request for Production No. 10 states, "Please provide copies of all documentation necessary to establish Justice's net worth. The requested documentation should include, but is not limited to tax returns; bank statements; a listing of assets and liabilities; financial statements; and balance sheets (including footnote disclosures)." In response thereto, Justice objected and asserted that Request for Production No. 10 is premature and seeks more than is necessary to determine net worth.

14. For all of the reasons set forth when discussing Interrogatory No. 9, Justice's objections lack merit and Justice must be compelled to fully respond to Request for Production No. 10.

## II. Compelling Discovery

15. Rule 37(a) of the Federal Rules provides, in the pertinent part:

> (3) Specific Motions. (A) To Compel Disclosure. If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.
> (B) To compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: ...
> (iii) a party fails to answer an interrogatory submitted under Rule 33; or
> (iv) a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34....
> (4) Evasive or Incomplete Disclosures, Answers, or Responses. For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

Fed. R. Civ. P.. 37(a).

16. Pursuant to Rule 37, a district court, in response to a motion to compel, may order a party to provide full and complete answer(s)/response(s) to discovery requests for which the party was obligated to respond and failed to do so. Further, if the district court grants a party's motion to compel, then Rule 37(a)(5) mandates that a district court grant all reasonable expenses incurred by the moving party in seeking the order compelling discovery responses.

17. In the instant case, Plaintiffs have demonstrated that Justice has not provided nor attempted to provide complete answer(s)/response(s) to Interrogatory No. 9 and Request for Production No. 10. Instead of providing complete answer(s)/response(s), Justice has proffered patently invalid objections. Plaintiffs' attempts to resolve this dispute without the Court's intervention failed; therefore, this Court must utilize the authority provided to it by Rule 37 and order Justice to provide complete answers to Plaintiffs' Discovery Requests and assess any and

all costs caused by Justice's failure to produce the requested discovery against the defendants.

**WHEREFORE**, Plaintiffs, George Golf Design, Inc. and Lester George, respectfully request, for the reasons set forth herein, that this Court enter an order immediately compelling Defendant, James C. Justice, II, to produce complete responses and all relevant documents, to Interrogatory No. 9 and Request for Production No. 10 of "James C. Justice, II's Answers to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents." Further, pursuant to Rule 37(a)(5), Plaintiffs seek any and all expenses, including attorney's fees, that they have incurred and will incur in seeking an order compelling the aforesaid discovery.

Dated: May 23, 2012

        **GEORGE GOLF DESIGN, INC. and LESTER GEORGE**

        By :   The Tinney Law Firm, PLLC

        /s/ John H. Tinney
        John H. Tinney (W.Va. Bar # 3766)
        John K. Cecil (W.Va. Bar # 9155)
        Post Office Box 3752
        Charleston, WV 25337
        Telephone: (304) 720-3310
        Telecopier: (304) 720-3315

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
at Beckley

GEORGE GOLF DESIGN, INC.,
and LESTER L. GEORGE,

      Plaintiffs,

v.

GREENBRIER HOTEL CORPORATION,
JAMES C. JUSTICE COMPANIES, INC., and
JAMES C. JUSTICE, II,

      Defendants.

Case No. 5:10-cv-01240
(Irene C. Berger, Judge)

## CERTIFICATE OF SERVICE

I, John H. Tinney, counsel for Plaintiffs, do hereby certify that a "Motion to Compel Discovery Responses from Greenbrier Hotel Corporation" has been electronically filed via the CM/ECF system which will send notification of such filing to counsel of record this 24th day of May, 2012:

| | |
|---|---|
| John D. (Jody) Wooton, Jr., Esquire<br>Wooton Law Firm<br>201 N. Kanawha Street<br>Beckley, WV 25801<br>*Counsel for Greenbrier Hotel Corporation,*<br>*James C. Justice Companies, Inc. and James C.*<br>*Justice, II* | Jared M. Tully, Esquire<br>FROST BROWN TODD LLC<br>Laidley Tower – Suite 401<br>500 Lee Street, East<br>Charleston, WV 25301<br>*Counsel for Greenbrier Hotel Corporation,*<br>*James C. Justice Companies, Inc. and James C.*<br>*Justice, II* |
| Barry D. Hunter, Esquire<br>F. William Hardt, Esquire<br>FROST BROWN TODD, LLC<br>250 West Main Street, Suite 2800<br>Lexington, Kentucky 40507<br>*Counsel for Greenbrier Hotel Corporation, James C.*<br>*Justice Companies, Inc. and James C. Justice, II* | /s/ John H. Tinney<br>John K. Cecil (State Bar No. 3766) |