## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| **GEORGE GOLF DESIGN, INC.** | ) | |
| **and LESTER L. GEORGE,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.: 5:10-01240** |
| | ) | |
| **GREENBRIER HOTEL, INC.,** | ) | |
| **JAMES C. JUSTICE COMPANIES, INC.,** | ) | |
| **and JAMES C. JUSTICE II,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM OPINION AND O R D E R

Pending before the Court are Plaintiffs' Motions to Compel Discovery Responses from Greenbrier Hotel Corporation (Document No. 121.), filed on May 24, 2012, and for Entry of an Order Granting Plaintiffs' Motion to Compel (Document No. 162.), filed on July 31, 2012, by counsel John H. Tinney and John K. Cecil of The Tinney Law Firm, PLLC. Plaintiffs filed a Reply in Support of its Motion to Compel Discovery Responses (Document No. 152.), on July 11, 2012, and Defendant James C. Justice II, by counsel, filed a Response in Opposition to Plaintiffs' Motion for Entry of an Order Granting Plaintiffs' Motion to Compel and Request for Hearing on Motion to Compel (Document No. 163.), on August 1, 2012. The undersigned held a hearing on the Motions on October 10, 2012. (Document No. 226.) Having thoroughly considered the issues which Plaintiffs raised in their Motions and Reply, the Defendant's Response, and the parties positions, the undersigned has determined that Plaintiffs' Motions should be granted.

### BACKGROUND

Plaintiffs filed their Amended Complaint on October 29, 2010 (Document No. 5.), alleging *inter alia*, that the Defendants made "several malicious, spurious, unfounded, false statements . . .

about the type, quality and timeliness of work performed by [them] at the Greenbrier complex" which were "in stark contrast to the numerous glowing commendations and awards [they] received from the golf community" and which were published in various newspapers and magazines. For this claim, Plaintiffs allege that they are entitled to defamation damages and punitive damages.

On February 24, 2012, Plaintiffs served their First Set of Interrogatories and Requests for Production of Documents to Defendant James C. Justice II. (Document No. 100.) On April 13, 2012, by agreement, Defendant served his Answers to Plaintiffs' written discovery requests. (Document Nos. 108, 110.) By letter dated May 9, 2012, Plaintiffs' counsel notified Defendant's counsel that responses to certain of Plaintiffs' First Set of Interrogatories and Requests for Production of Documents were insufficient and requested supplemental responses by May 11, 2012. (Document No. 121, Exhibit B.) On May 10, 2012, the parties agreed to an extension of the May 11, 2012, response deadline, until May 25, 2012. (Document No. 121 at 2, ¶ 4.) On May 18, 2012, counsel discussed Plaintiffs' perceived insufficiencies in Defendant's Answers and were unable to reach an agreement regarding Defendant's financial information. (Document No. 121 at 2, ¶ 5.) Plaintiffs' counsel advised Defendant's counsel that a Motion to Compel was forthcoming. (Id.)

Plaintiffs filed their Motion to Compel (Document No. 121.), on May 24, 2012, in which they request that the Court order Defendant to provide further responses to Interrogatory No. 9 and Request No. 10. In Interrogatory No. 9, Plaintiffs asked Defendant to state his financial position by providing his net worth for the last five years. (Document No. 121, Exhibit A at 9.) In his Answer, Defendant objected to the request on the bases that the request was premature and that Plaintiffs' claims for punitive damages were speculative and contingent on a finding of liability. (Id.) Defendant stated that the requested information was personal and sensitive business information, and that it was unnecessary for him to provide such information until after dispositive motions were adjudicated. (Id.) He further stated that evidence of his net worth was not needed until the Court finds that

2

Plaintiffs "have presented sufficient evidence to seek punitive damages from the jury." (Id.) Defendant also objected on the ground that Plaintiffs sought "far more documents and other information than what would adequately demonstrate net worth for the purposes of punitive damages." (Id.)

In Request No. 10, Plaintiffs requested that Defendant provide copies of all documents that were necessary to establish his net worth, including but not limited to tax returns, bank statements, a listing of assets and liabilities, financial statements, and balance sheets. (Document No. 121, Exhibit A at 14.) Defendant objected on grounds identical to the reasons stated in response to Interrogatory No. 9. (Document No., 121, Exhibit A at 14-15.)

In their Motion to Compel, Plaintiffs assert that they have asserted a claim for defamation for which punitive damages are available, and therefore, under West Virginia law, are entitled to discover Defendant's financial position, which is a factor a jury may consider when determining whether to award punitive damages. (Document No. 121 at 2-3.) They assert that their requests for information of Defendant's net worth are not premature and state that the case has been pending for approximately 19 months and discovery is near completion. (Id. at 3-4.) Plaintiffs state that they waited until the last possible moment to tender such a request to avoid any claims of prematurity. (Id. at 4.) Plaintiffs assert that Defendant's concerns of confidentiality are eliminated by the Agreed Protective Order (Document No. 103.), which was entered on March 1, 2012. (Id.) If the Court determines that Plaintiffs have not met their burden to present to the jury a case for punitive damages, then Plaintiffs agree pursuant to the terms of the Agreed Protective Order to not present any financial information and to dispose of it pursuant to the Order. (Id.) Plaintiffs request expenses, including attorney's fees, incurred in seeking an order compelling discovery, pursuant to Fed. R. Civ. P. 37(a)(5). (Id. at 6.)

In Plaintiffs filed a statement in support of their Motion on July 11, 2012, in which they reiterate

3

their initial arguments and assert that Defendant is 34 days beyond the deadline set forth in Rule 7.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia to respond to their Motion. (Document No. 152 at 3.) For these reasons, Plaintiffs assert that their Motion to Compel should be granted. (Id. at 6.) Plaintiffs again reiterate their arguments in their Motion for Entry of an Order Granting their Motion to Compel. (Document No. 162.)

Defendant asserts in his Response, filed on August 1, 2012 that he failed to file a formal response to Plaintiffs' Motion to Compel because he had "already succinctly objected" to Plaintiffs' discovery requests with law and argument. (Document No. 163 at 2.) Consequently, he asserts that Plaintiffs are not entitled to entry of an Order granting their Motion based on his failure to file a response. (Id. at 3.) Defendant requests a hearing with oral argument on Plaintiffs' Motion to Compel. (Id.)

At the hearing held on October 10, 2012, the parties agreed that the discovery requests at issue pertain to both Defendant James C. Justice II and Greenbrier Hotel Corporation. Plaintiffs' counsel, Mr. Tinney, averred that in an attempt to compromise, he would accept audited and certified financial statements from 2008 through the present for Defendant Greenbrier Hotel Corporation and James C. Justice II, individually. He explained that the documents responsive to their discovery requests would remain confidential pursuant to the terms of the Agreed Protective Order and would not be presented to the jury unless the Court gives a punitive damages instruction. Defendants' counsel, F. William Hardt III, acknowledged the attempt to compromise and proposed that Defendants stipulate to their net worth rather than produce actual financial statements. Mr. Tinney argued that under West Virginia law, Plaintiffs are entitled to introduce evidence of Defendants' net worth to the jury to consider in determining whether to award punitive damages. The parties agreed however, and Mr. Tinney amended his requests to reflect, that only the financial statements from May, 2009, through the present should be produced because the Greenbrier Hotel Corporation was not purchased by Mr.

4

Justice until May, 2009. After hearing argument from counsel, the undersigned found that Plaintiffs are entitled to discover Defendants' actual financial statements from May, 2009, through the present, and directed Mr. Hardt to produce such documents forthwith.

## ANALYSIS

Rule 37 of the Federal Rules of Civil Procedure provides that if a party fails to answer an Interrogatory or Request for Production, the discovering party may move for an Order compelling the answer or production. See Fed. R. Civ. P. 37(a)(3)(B). Additionally, the Rule requires a certification "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

Plaintiffs assert that Defendants have failed to provide information responsive to Interrogatory No. 9 and Request No. 10 regarding Defendants' James C. Justice II and Greenbrier Hotel Corporation net worth. Plaintiffs have asserted a claim of defamation for which punitive damages may be available. The Supreme Court of Appeals of West Virginia has established that to assert successfully a claim of defamation by a private individual, a plaintiff must meet the following elements: (1) defamatory statements; (2) a nonprivileged communication to a third party; (3) falsity; (4) reference to the plaintiff; (5) at least negligence on the part of the publisher; and (6) resulting injury. Crump v. Beckley Newspapers, Inc., 173 W.Va. 699, 706, 320 S.E.2d 70, 77 (1984). In determining whether a defendant is liable to a private individual for defamation, "the standard is one of negligence, and the conduct of the defendant is to be measured against what a reasonably prudent person would have done under the same or similar circumstances." Id. To recover punitive damages however, a plaintiff must establish "either an intentional publication of false defamatory material or a publication of false defamatory material in reckless disregard for its truth or falsity." Crump, 173 W.Va. at 706 n. 3, 320 S.E.2d at 77 n. 3. Of the various defenses available, a defamation defendant

may assert defenses of privilege and truth. Id.

In the instant case, District Court Judge Irene C. Berger entered a Memorandum Opinion and Order on October 4, 2012, finding that genuine issues of material fact exist as to whether particular statements of Defendant James C. Justice II are privileged or false. (Document No. 216.) Judge Berger therefore, denied the parties' cross-Motions for partial summary judgment on Plaintiffs' defamation claim. In light of Judge Berger's recent decision, the undersigned finds that contrary to Defendants' objection, Plaintiffs' discovery requests are not premature. The parties' dispositive motions have been denied and the issue of liability on Plaintiffs' defamation claim will, therefore, be presented to the jury. The undersigned therefore finds that Plaintiffs are entitled to discover information relating to their claim for punitive damages. To this end, the Plaintiffs have requested information, specifically Defendants' audited and verified financial statements, to establish their net worth. It is clear that a defendant's financial position or net worth is relevant to the issue of punitive damages. See Pacific Mut. Life Ins. Co. v. Haslip, 499 U.S. 1, 22, 111 S.Ct. 1032, 1045, 113 L.Ed.2d 1 (1991); Stamathis v. Flying J, Inc., 389 F.3d 429, 442 (4th Cir. 2004)("[A] defendant's financial position is a proper consideration in assessing punitive damages."); Wheeler v. Murphy, 192 W.Va. 325, 333, 452 S.E.2d 416, 424 (1994)("A defendant's net worth is relevant to the issue of punitive damages.").

The undersigned finds that Plaintiffs are entitled to discover information respecting Defendants' net worth including audited and verified financial statements from May, 2009, through the present. Accordingly, based on the foregoing, the Court finds that Plaintiffs have complied with Rule 37, and it is hereby **ORDERED** that Plaintiffs' Motions to Compel (Document No. 121.) and for Entry of an Order Granting Plaintiffs' Motion to Compel (Document No. 162.) are **GRANTED**. Defendants James C. Justice II and Greenbrier Hotel Corporation shall provide forthwith and by no later than noon on **Friday, October 26, 2012**, to Plaintiffs, copies of documents evidencing their net

6

worth including, but not limited to, audited and verified financial statements. Plaintiffs have agreed to accept from Mr. Justice, individually, unaudited and unverified financial statements if he is unable to produce audited and verified documents. Defendants' financial statements shall be submitted to Plaintiffs pursuant to the terms set forth in the entirety of the Agreed Protective Order (Document No. 103.) entered on March 1, 2012. Defendants' financial statements therefore shall be marked "**CONFIDENTIAL**" and shall not be disclosed to any party or attorney outside this civil action. No party or attorney within this civil action shall distribute, transmit, or otherwise divulge any of Defendants' financial documents marked "**CONFIDENTIAL**" or the contents thereof outside the scope of the Agreed Protective Order. Pursuant to the Agreed Protective Order, Defendants' financial statements and the contents thereof may be used by any party, any party's attorney, expert witness, consultant, or other person only for the purpose of this civil action. Counsel is advised that prior to disclosing any of Defendants' financial statements or content thereof to any person actively engaged in working on this civil action, counsel must advise the person to whom the disclosure is made that he or she is bound by the terms of the Agreed Protective Order and require the person to whom the disclosure is made to sign an acknowledgment and receipt of the Agreed Protective Order. Counsel shall maintain a list of all persons to whom the disclosure is made and instruct the person to return any and all documents at the conclusion of the case at which time counsel shall either return all copies of the financial statements to Defendants or destroy them, and provide Defendants with a certificate of compliance.

Plaintiffs have requested sanctions under Rule 37. Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure, provides as follows:

> If the motion [to compel] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay to the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order

7

this payment if:

     (I) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

     (ii)  the opposing party's nondisclosure, response, or objection was substantially justified; or

     (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A) (Emphasis added).

Having granted the Motion to Compel, the Court **ORDERS** Defendants, should they wish to be heard regarding sanctions, to file with the Court **within 10 business days** of the entry of this Order a Memorandum explaining why their nondisclosure was substantially justified or why an award of attorney's fees would be unjust. The Court further **ORDERS** Plaintiffs to file an itemized statement of the costs and fees associated with their Motions **within 10 business days** of the entry of this Order. The Court will regard the failure of counsel to file their respective documents by the prescribed date their forbearance and/or assent as the case may be.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the ruling set forth above on this non-dispositive motion may be contested by filing, within 14 days, objections to this Order with District Judge Irene C. Berger. If objections are filed, the District Court will consider the objections and modify or set aside any portion of the Order found clearly to be erroneous or contrary to law.

The Clerk is requested to send copies of this Order to counsel of record.

ENTER: October 23, 2012.

R. Clarke VanDervort
United States Magistrate Judge